# In the United States Court of Federal Claims

No. 21-2313
Filed: May 6, 2022

---

LOUIS RICKS,

                    *Plaintiff,*

v.

THE UNITED STATES,

                    *Defendant.*

---

*Louis Ricks*, pro se Plaintiff, represented by *Vicky Ricks* pursuant to RCFC 83.1(a)(3).

*Sean Kelly Griffin*, Trial Attorney, *Reginal T. Blades, Jr.*, Assistant Director, *Patricia M. McCarthy*, Director, Commercial Litigation Branch, and *Brian M. Boynton*, Principal Deputy Assistant Attorney General, Civil Division, U.S. Department of Justice, Washington, D.C., with *Tamra J. Smith*, Office of General Counsel, U.S. Railroad Retirement Board, Of Counsel, for Defendant.

## MEMORANDUM OPINION AND ORDER

**TAPP, Judge.**

      Vicky and Louis Ricks (collectively, "Mr. Ricks"),[1] proceeding pro se, seek an order to

---

[1] The Court agrees with the United States' assessment that Mrs. Ricks is not a proper claimant entitled to pursue a claim related to RRB benefits. The United States contends:

> Mrs. Ricks is not a railroad employee, has no railroad service month credits, and has no pending or prior claims under either the Railroad Retirement Act, 45 U.S.C. § 231 *et seq.*, or the Railroad Unemployment Insurance Act ("RUIA"), 45 U.S.C. § 351 *et seq.*, that have resulted in a final decision. Therefore, [Mrs.] Ricks is not a claimant or other party aggrieved by a final decision of the RRB within the meaning of Section 5(f) of the RUIA.

(Mot. to Dism. at 1 n.1, ECF No. 14). Although the caption of the Complaint lists both Vicky Ricks (as "petitioner") and Louis Ricks (as the claimant), the properly captioned party is Louis Ricks. The Court also notes that Mr. Ricks did not sign the Complaint herein nor has he meaningfully participated. (Compl. at 3, ECF No. 1; Pl.'s Resp. at 12, ECF No. 17). Mrs. Ricks

compel the United States Railroad Retirement Board ("RRB") to pay Mr. Ricks benefits he claims he is entitled to under the Railroad Retirement Act ("RRA"). (Compl. at 3). Mr. Ricks also alleges "civil rights violations" and seeks other relief in the form of "non economical damages[.]" (*Id.*). Additionally, Mr. Ricks moved for leave to proceed *in forma pauperis*. (ECF No. 2). For good cause shown, the Court grants Mr. Ricks' Motion for Leave.

Construing the Complaint liberally, Mr. Ricks claims that the RRB failed to pay him "monthly RRB annuity benefits," including but not limited to benefits related to his disability and sickness. (Compl. at 1). The Complaint also seeks "spouse/beneficiary month annuity benefits" for Mrs. Ricks pursuant to the RRA. (*Id.*). The Complaint references unspecified proceedings before the RRB in which the RRB determined that Mr. Ricks was not entitled to the claimed benefits. (*Id.* at 2). The United States now moves to dismiss Mr. Ricks' Complaint for lack of subject-matter jurisdiction. (Mot. to Dism., ECF No. 14). The Court agrees with the United States that it lacks subject-matter jurisdiction and grants the United States' Motion to Dismiss.

## I.    Background

Although Mr. Ricks does not cite specific proceedings before the RRB, the United States has identified two proceedings that appear related. (Mot. to Dism. at 2). The first is an appeal of Mr. Ricks' unemployment benefits, Board Appeal Docket No. 18-AP-0061 ("Unemployment

---

has served as his representative. *See* RCFC 83.1(a)(3) ("An individual who is not an attorney may represent . . . a member of one's immediate family . . ..."). This Rule creates a disturbing uncertainty, i.e., whether Mr. Ricks consents to Mrs. Ricks' representation.

Whatever value may exist by virtue of RCFC 83.1 is outweighed by many disadvantages including the scope of consent to the representation, the definition of "immediate family" and whether it includes estranged family members with interests adverse to the named claimant among other plausible scenarios, and the preclusive effect of a decision adverse to the "immediate family" member. *See, e.g.*, *Fast Horse v. United States,* 101 Fed. Cl. 544, 548 (2011) (quoting Black's Law Dictionary 273 (8th ed. 2004) ("The term 'immediate family members' is defined as 'parents, spouse, children, and siblings.'")) (internal citations omitted); *Kogan v. United States*, 107 Fed. Cl. 707 (2012) (discussing complicated issues of spousal, martial communication, and attorney-client privileges arising due to RCFC 83.1(a)(3) representation by spouse); *but see Taha on behalf of his deceased brother v. United States*, 148 Fed. Cl. 37 (2020), *aff'd sub nom. Taha v. United States*, 28 F.4th 233 (Fed. Cir. 2022) (allowing a non-attorney to represent a sibling by marriage).

Customary rules regarding the authorized practice of law, and the Court's pro bono program, more adequately protect the interest of litigants. *See* RCFC Appx. of Forms, Form 1. The Court devotes pages to the procedures for the admission, practice, and discipline of attorneys appearing before it, but casually permits an "immediate family" member to litigate important interests of another. The Court's Rules Committee should examine and potentially reform RCFC 83.1(a)(3).

Benefits Appeal"). The second is an appeal of Mr. Ricks' disability benefits, Board Appeal Docket No. 19-AP-0031 ("Disability Benefits Appeal").

    *A.   Unemployment Benefits Appeal*

On May 2, 2018, Mr. Ricks signed an application for unemployment benefits for a period beginning April 27, 2018. (Def.'s Appx. A at 2 ("DA _ at _"), ECF Nos. 14-1 through 14-5). Mr. Ricks' application indicated he last worked for a railroad on November 15, 2007. (*Id*.). Just a few days after receiving Mr. Ricks' application, the RRB denied his application because Mr. Ricks did not have the necessary prior-year railroad earnings to qualify for unemployment benefits. (*Id*.). The RRB advised Mr. Ricks to complete and return form UI-9 if he believed the RRB had misapprehended his earnings or time in railroad service. (*Id*.). Mr. Ricks failed to do so.

An RRB hearings officer denied Mr. Ricks' appeal from that decision. (*Id*.). Mr. Ricks then appealed to the RRB. (*Id*.). While his appeal was pending, Mr. Ricks filed a petition for review in the United States Court of Appeals for the District of Columbia, *Louis Ricks et al. v. Railroad Retirement Board*, Case No. 19-1229. (DA C at 1–2). The Court of Appeals found that the court lacked jurisdiction because Mr. Ricks had "failed to identify any final decision of the [RRB], issued after petitioners exhausted all of their administrative remedies within the [RRB], that is reviewable by this court." (DA D at 1).

Shortly thereafter, the RRB adopted the hearings officer's findings and affirmed the denial of Mr. Ricks' application. (DA A at 2–4). Critically, the RRB noted that Mr. Ricks indicated employment outside the railroad industry from 2007 through 2016, including employment at the National Institute of Health for the two years preceding his benefits application. (*Id*. at 3). The RRB also rejected Mr. Ricks' claim that he was entitled to Accelerated Benefits under 20 C.F.R. § 302.5 as he lacked the requisite railroad service at the time of his claim. (*Id*.).

    *B.   Disability Benefits Appeal*

On August 30, 2016, Mr. Ricks applied for disability benefits under the RRA, 45 U.S.C. § 231 *et seq*., and the Social Security Act, 42 U.S.C. § 301 *et seq*. (DA E at 1–12). The RRB's Director of the Disability Benefits Division denied Mr. Ricks' application approximately a year later, stating that Mr. Ricks' "earnings record show[ed] significant earnings at the time of [his] disability application, with employment continuing into [the month of denial]." (*Id*. at 1, 4). Mr. Ricks appealed that decision to an RRB hearings officer with the Bureau of Hearings and Appeals, claiming medical disability based on his prior work duties while in railroad service. (*Id*. at 4). The hearings officer found that Mr. Ricks did not meet the service and age requirements for an occupational disabled annuity and lacked a current connection with the railroad industry. (*Id*. at 3, 9).

However, the hearings officer also considered Mr. Ricks' medical history and other evidence regarding the effect of Mr. Ricks' condition on his ability to work. (*Id*. at 4). The hearings officer determined that Mr. Ricks' condition constituted a "severe" physical impairment within the applicable regulations, but the impairment was not "medically disabling" such that Mr. Ricks was entitled to benefits. (*Id*. at 5). Ultimately, the hearings officer found that despite

Mr. Ricks' reported pain, he was "capable of medium work" as he was not substantially impaired in his ability to lift fifty-pound objects, sit, stand, and walk for more than six hours in an eight-hour workday, as well as stoop, crouch, and reach in all directions. (DA E at 7). At the time, Mr. Ricks was forty-seven years of age and possessed a high school education as well as mechanical and engineering skills—a vocational profile with transferrable skills and "residual functional capacity for work at the medium level of exertion[.]" (*Id*. at 8). The hearings officer concluded that Mr. Ricks was not disabled, and therefore not entitled to disability benefits under either the Railroad Unemployment Insurance Act ("RUIA") or the Social Security Act. (*Id*. at 9–10). Mr. Ricks' Complaint indicates that he has taken an appeal from the hearings officer's decision and that appeal remains pending. (*See, e.g.*, Compl. at 2 ("The Railroad Retirement Board has failed [to compensate Mr. Ricks] in the past and continue to fail up to present day[.]")).

## II.    Analysis

The Tucker Act limits the Court's jurisdiction to claims (1) founded on an express or implied contract with the United States; (2) seeking a refund for a payment made to the government; and (3) arising from federal constitutional, statutory, or regulatory law mandating payment of money damages by the United States government. 28 U.S.C. § 1491(a)(1). "The Tucker Act, of course, is itself only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages. The Court of Claims has recognized that the Act merely confers jurisdiction upon it whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976). "The Tucker Act is displaced, however, when a law assertedly imposing monetary liability on the United States contains its own judicial remedies. In that event, the specific remedial scheme establishes the exclusive framework for the liability Congress created under the statute." *United States v. Bormes*, 568 U.S. 6, 12 (2012).

Whether a court has jurisdiction is a threshold matter in every case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). Although a pro se plaintiff's pleadings are generally held to "less stringent standards" than those of a professional lawyer, the Court's leniency does not extend to jurisdictional issues. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). A pro se plaintiff still bears the responsibility to establish the Court's jurisdiction by pleading claims that fall within the scope of the Tucker Act. *McNutt v. Gen. Motors Acceptance Corp. of Ind.,* 298 U.S. 178, 189 (1936) (finding that pro se status does not relieve plaintiffs of the obligation to demonstrate jurisdiction by a preponderance of the evidence). Under RCFC 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

### A.   *The Court Lacks Jurisdiction Over Mr. Ricks' Unemployment Benefits Appeal.*

The RRB's decision with respect to Mr. Ricks' Unemployment Benefits Appeal constitutes a final decision under the RUIA. 45 U.S.C. § 355(d). Congress endowed several federal courts of appeals with exclusive jurisdiction to review final decisions of the RRB. § 355(f) (claimants may file petitions for review "in the United States court of appeals for the circuit in which the claimant or other party resides . . . , or in the United States Court of Appeals for the Seventh Circuit or in the United States Court of Appeals for the District of Columbia.").

Claimants have ninety days from an RRB decision to petition for review. § 355(f). The RRB issued a decision denying Mr. Ricks' application on February 10, 2020, (DA A at 2), therefore Mr. Ricks' petition for review must have been filed in the appropriate court of appeals no later than May 11, 2020.

Instead, Mr. Ricks filed a complaint in this Court in December 2021, well after that deadline. (Compl. at 3). That untimeliness alone would deprive the Court of jurisdiction over Mr. Ricks' Unemployment Benefits Appeal. But more fundamentally, the United States Court of Federal Claims is not one of the forums in which Congress vested review of RRB decisions. *See* § 355(f). "It is well settled that even where Congress has not expressly stated that statutory jurisdiction is 'exclusive,' . . . a statute which vests jurisdiction in a particular court cuts off original jurisdiction in other courts in all cases covered by that statute." *Telecommunications Research Action v. F.C.C*, 750 F.2d 70, 77 (D.C. Cir. 1984) (collecting cases); *see also Whitney National Bank v. Bank of New Orleans Trust Co.*, 379 U.S. 411, 422 (1965) (where Congress has enacted a specific statutory scheme of review, the statutory mode must be adhered to notwithstanding the absence of an express statutory command of exclusiveness). Consequently, this Court lacks jurisdiction both because Congress vested exclusive jurisdiction elsewhere and because Mr. Ricks' petition for review is untimely.

### B. *The Court Lacks Jurisdiction Over Mr. Ricks' Disability Benefits Appeal.*

The Railroad Retirement Act dictates that RRB decisions regarding disability and social security benefits follow the same judicial review process as unemployment benefits claims:

> Decisions of the Board determining the rights or liabilities of any person under this subchapter shall be subject to judicial review in the same manner, subject to the same limitations, and all provisions of law shall apply in the same manner as though the decision were a determination of corresponding rights or liabilities under the Railroad Unemployment Insurance Act[.]

45 U.S.C. § 231g. The only difference is that disability benefits claimants have one year from the RRB decision to appeal to the appropriate federal appeals court. § 231(g) ("[T]he time within which proceedings for the review of a decision . . . shall be one year after the decision[.]"). Therefore, like the unemployment benefits review process, claimants may file petitions for review "in the United States court of appeals for the circuit in which the claimant or other party resides . . . , or in the United States Court of Appeals for the Seventh Circuit or in the United States Court of Appeals for the District of Columbia." § 355(f).

There are at least two jurisdictional issues with Mr. Ricks' claim under this statutory scheme. First, Mr. Ricks has failed to assert that the RRB hearings officer's decision is a final administrative decision appropriate for federal court review. The United States asserts that Mr. Ricks has taken an appeal from the hearings officer's decision and that the appeal process is ongoing. (Mot. to Dism. at 7 ("The Disability Benefits Appeal is still pending before the Board and a final decision has not been issued.")). Although the United States does not cite the Court to

an accessible docket for RRB proceedings, Mr. Ricks does not dispute the United States' counsel's assertion. (*See* Pl.'s Response, ECF No. 17).[2]

The RRA, by incorporation of the RUIA process, requires complete exhaustion of administrative remedies before the claimant may petition for review in federal appeals courts. § 355(f) ("Any claimant . . . may, *only after all administrative remedies within the Board will have been availed of and exhausted*, obtain a review of any final decision of the Board by filing a petition for review[.]"); *see also Roberts v. R.R. Retirement Bd.*, 346 F.3d 139, 140 (5th Cir. 2003) ("Under the plain language of § 355(f), the jurisdiction of the federal courts of appeals is limited to the review of Board decisions on the merits of a claim for benefits after administrative appeals have been exhausted."). The hearings officer's decision is not ripe for federal judicial review as the RRB has not yet issued a final decision consummating the RRB's process. *See Army Corps of Engineers v. Hawkes Co.*, 136 S. Ct. 1807, 1813 (2016) (agency action is "final" when it marks "the consummation of the agency's decisionmaking process" and determines legal "rights or obligations") (quoting *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997)). As Mr. Ricks has not established that he exhausted his administrative remedies at the RRB, he has not satisfied the statutory requirements necessary for judicial review. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]") (internal citation omitted).

Second, even if the hearings officer's decision is a final adjudication, this Court would lack jurisdiction to review that decision. Like the judicial review process for unemployment benefits, Congress stripped jurisdiction from all federal courts other than those mentioned in 45 U.S.C. § 355(f) (identifying appropriate fora as "the United States court of appeals for the circuit in which the claimant or other party resides . . . , or in the United States Court of Appeals for the Seventh Circuit or in the United States Court of Appeals for the District of Columbia."); *Whitney National Bank*, 379 U.S. at 422; *Telecommunications Research Action*, 750 F.2d at 77. Therefore, for the same reasons the Court lacks jurisdiction over Mr. Ricks' Unemployment Benefits Appeal, the Court likewise lacks jurisdiction over Mr. Ricks' Disability Benefits Appeal.

### C.  *The Court Lacks Jurisdiction Over Mr. Ricks' Civil Rights Claims*

In addition to his assertion of entitlement to RRB benefits, Mr. Ricks asserts entitlement to damages for civil rights violations. (Compl. at 3). However, the Court generally lacks jurisdiction over civil rights claims. *Ouattara Hema v. United States*, 607 F. App'x 989, 990

---

[2] Courts are entitled to rely on the representations of counsel, as attorneys have an affirmative duty to be candid and truthful before the Court. RCFC 11(b); *Azar v. Garza*, 138 S. Ct. 1790, 1793 (2018) ("[I]t is critical that lawyers and courts alike be able to rely on one another's representations."); *cf. United States v. Brown*, 50 F.R.D. 110, 111 (D.D.C. 1970) ("Daily a United States District Court proceeds on the assumption, proven reliable by long experience, that representations made in open court by trial counsel as officers of the Court are candid, truthful and may be accepted at face value.").

(Fed. Cir. 2015) ("[T]he Court of Federal Claims lacks jurisdiction to entertain general civil rights claims that are not based upon an appropriate money-mandating provision."). Here, Mr. Ricks has not satisfied his jurisdictional burden to identify a money-mandating provision under which he is pursuing his theory of relief for "civil rights violations." Consequently, those claims must be dismissed for lack of subject-matter jurisdiction.

### III.   Conclusion

The Court lacks subject-matter jurisdiction over Mr. Ricks' Unemployment Benefits Appeal claim because it is untimely, and the Court of Federal Claims is otherwise the improper tribunal. The Court lacks subject-matter jurisdiction over Mr. Ricks' Disability Benefits Appeal claim because Mr. Ricks has not exhausted his administrative remedies and the Court of Federal Claims is otherwise the improper tribunal. Finally, the Court lacks jurisdiction over Mr. Ricks' civil rights claim. Consequently, Mr. Ricks' Complaint must be dismissed. Accordingly, the Court orders the following:

(1) Plaintiff's Motion for Leave to proceed in forma pauperis, (ECF No. 2), is **GRANTED**.

(2) The United States' Motion to Dismiss, (ECF No. 14), is **GRANTED**.

(3) The Clerk is directed to **DISMISS** Mr. Ricks' Complaint for lack of subject-matter jurisdiction.

**IT IS SO ORDERED.**

*David A. Tapp*
DAVID A. TAPP, Judge